[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was brought by Doris Knapp, as conservator for Gerald Haehl, incapable, against her ward's son, the defendant, David Haehl. Gerald Haehl died on May 6, 1998, and the Probate Court in Fairfield appointed the State of Connecticut Commissioner of Administrative Services as "Legal Representative" of the estate of the decedent. The reason for the appointment was that this department had been furnishing Title XIX benefits to the decedent. On December 20, 1999, the Commissioner was substituted as party plaintiff in this present action.
In her revised complaint dated January 22, 1998, the plaintiff conservator alleges in the first of the three counts that on July 16, 1990, the defendant executed a promissory note payable to his father, Gerald Haehl, in the principal amount of $10,000, including monthly principal payments of $500. The plaintiff further alleges that the defendant failed to make any payments on this note. In the second count of the complaint, the plaintiff alleges that on October 11, 1990, the defendant executed a promissory note in favor of the Gateway Bank for $38,000, which was secured by a certificate of deposit belonging to the decedent. The plaintiff further alleges that when this note was not CT Page 2948 paid, the Gateway Bank took the certificate which had been pledged as collateral. In the third count, the plaintiff claims that the defendant was unjustly enriched.
The defendant denied the material allegations of the complaint and filed special defenses, a set off and a counterclaim. In his two special defenses, the defendant asserts an accord and satisfaction, and also that the plaintiff lacked capacity to sue. In his set off and counterclaim, the defendant alleges that the plaintiff's ward had been indebted to the Westport Bank Trust Company in the amount of $42,000, and that this debt was secured by a mortgage on the defendant's property, a lien which his late father had not removed.
The case was referred for trial to Attorney John F. Carberry, an attorney trial referee, in accordance with General Statutes § 52-434
(a) and Practice Book § 19-2A. The referee conducted a trial and submitted a report finding the following facts: (1) the plaintiff introduced a writing dated July 16, 1990, signed by the defendant and promising to pay $10,000, and a check from Gerald Haehl to his son, the defendant, in that amount, also dated July 16, 1990, which the defendant had endorsed and deposited; (2) the decedent's certificate of deposit in the amount of $35,407.17 was taken by the Gateway Bank to satisfy the defendant's debt based on a demand note for $38,000 dated October 11, 1990, and interest thereon should run from November 4, 1992, at 10%, the rate specified in General Statutes § 37-3a for the wrongful detention of money after it becomes due; and (3) with respect to the defendant's claimed set off and counterclaim, the defendant contended that his home on Treadwell Avenue in Westport was encumbered by a mortgage from his late father to the Westport Bank Trust Company.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the plaintiff is entitled to recover the $10,000 principal amount of the note, plus interest of 8%, the statutory legal rate specified in General Statutes § 37-1, from July 16, 1990; (2) the plaintiff is also entitled to recover $35,407.17, the amount of Gerald Haehl's certificate of deposit forfeited when the defendant defaulted on payment to the Gateway Bank, plus interest at 10% from November 4, 1992; and (3) the defendant willingly accepted his father's conveyance of the father's home knowing that it was encumbered by a mortgage from the plaintiff's ward. Thus, a set off is not required.
As authorized by Practice Book § 19-14, the defendant filed objections to the report.[1] The objections are: (1) the plaintiff had failed to adequately demonstrate the amount of the certificate of deposit forfeited to the Gateway Bank; and (2) the defendant had assumed liability for a mortgage given by Gerald Haehl to Westport Bank Trust CT Page 2949 Company and is entitled to a set-off against any debt he may owe to Gerald Haehl.
This court's scope of review of an attorney trial referee's report was reiterated by the Supreme Court in Elgar v. Elgar, 238 Conn. 839,848-49, 679 A.2d 937 (1996). The court held in that case that: "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 [currently § 19-17]. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.).
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845-46, this court has two tasks to perform in reviewing an attorney trial referee's report. The first is to determine whether the "referee's findings of fact were supported by the evidence." Id. In that regard, the referee based his recommendations on testimony about the certificate of deposit and the fact that it had been forfeited to the Gateway Bank because the defendant had failed to pay his debt to that bank. Secondly, the set off was rejected because the defendant willingly accepted his father's conveyance of the property on Treadwell Avenue knowing it was encumbered by a mortgage.
It is clear that the referee chose to believe the testimony offered by the plaintiff and not that of the defendant regarding the execution of the promissory note, the pledging of the certificate of deposit, and the acceptance of the realty knowing about the father's mortgage encumbering the property. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely her function as a fact finder." Nor'easter Group, Inc. v. Colossale Concrete, Inc.,207 Conn. 468, 473, 542 A.2d 692 (1988). "The finder of fact is in a better position to determine the credibility of witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, supra,28 Conn. App. 706. Therefore, this court is bound to accept the factual findings by the referee. Tarka v. Filipovic, 45 Conn. App. 46, 54,694 A.2d 824, cert. denied, 242 Conn. 903, 697 A.2d 363 (1997). CT Page 2950
The second task for the court is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Elgar v. Elgar,
supra, 238 Conn. 846. The court is obliged to "render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee." Anastasia v. Beautiful Your Hair Designs, Inc.,61 Conn. App. 471, 475, ___ A.2d ___ (2001). To the same effect is Practice Book § 19-17 ("The court shall render such judgment as the law requires upon the facts in the record"). The attorney trial referee's conclusions regarding the defendant's obligation to pay the promissory note, and reimburse his father's estate for the certificate of deposit that had been forfeited, and that a valid set off did not arise, all follow legally and logically from the facts found by the referee.
Judgment may therefore enter for the plaintiff on the complaint to recover on the first count, $10,000, plus interest at 8% from July 16, 1990, which amounts to $8,488.40, for a total on this count of $18,488.40. As to the second count, the plaintiff should recover $35,407.17, plus interest at 10% from November 4, 1992, amounting to $29,412.16, for a total of $64,819.33 on that count, and a total of $83,307.73 on both counts. Judgment may also enter in favor of the plaintiff with regard to the defendant's set off/counterclaim. Costs are to be taxed in favor of the plaintiff by the chief clerk of this court in accordance with General Statutes § 52-257 and Practice Book §18-5.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of February, 2001.
William B. Lewis, Judge